IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFERSON JONATHAN LEAL ANGULO, | § § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-01948-D (BT) |
| | § | |
| WARDEN, PRAIRIELAND DETENTION CENTER, | § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On June 12, 2026, Petitioner Jefferson Jonathan Leal Angulo filed a pro se habeas petition under 28 U.S.C. § 2241 challenging his immigration detention. Pet. (ECF No. 1). He also filed a supporting brief and "Emergency Motion for Immediate Release Pending Resolution of Petition for Writ of Habeas Corpus." ECF Nos. 2, 3.

The Petition, supporting brief, and motion for immediate release in this case are identical to habeas pleadings that Petitioner filed in this District on June 10, 2026, in *Angulo v. Warden, Prairieland Detention Center*, 3:26-cv-1928-S-BK. *See* ECF Nos. 3-5. Thus, Petitioner has two identical § 2241 actions pending in this District.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (every federal court has the inherent power "to

control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). "A plaintiff has 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s].'" *Rich Land Seed Co. Inc. v. Memphis Light Gas and Water*, 2022 WL 943147, at *1 (W.D. La. Mar. 11, 2022), *rec. accepted* 2022 WL 910152 (W.D. La. Mar. 28, 2022) (quoting *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985)). "Accordingly, where there are two identical pending suits, the second complaint may be dismissed." *Id.*; *see also Sutcliffe Storage & Warehouse Co. v. U.S.*, 162 F.2d 849, 851 (1st Cir. 1947) ("There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket; it is enough if one complete adjudication of the controversy be had.").

The Court may dismiss duplicative cases sua sponte, provided the procedure for dismissal employed is fair. *McCoy v. Wade*, 2007 WL 1098738, at *1 (W.D. La. Mar. 12, 2007). The Fifth Circuit has found that dismissing claims through the report and recommendation process is fair because it provides the parties an opportunity to respond to the possible dismissal of the case before the district judge acts. *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).

Here, the instant suit and the 3:26-cv-1928-S-BK action are identical. Accordingly, the cases are duplicative, and this case, the later-filed case, should be dismissed. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (holding that

the ordinary course for a district court confronted with a duplicative later-filed action is to dismiss the later-filed action).

## Recommendation

The District Judge should dismiss this case without prejudice as duplicative of *Angulo v. Warden, Prairieland Detention Center*, 3:26-cv-1928-S-BK.

SO RECOMMENDED.

June 18, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).